UNITED STATES DISTRICT COURT
                           DISTRICT OF MINNESOTA

SYLVESTER TAYLOR,                              Case No. 10-CV-3588 (PJS/JJG)

                Petitioner,

v.                                                         ORDER

WENDY ROAL,

                Respondent.

        Petitioner Sylvester Taylor, a prisoner at the Federal Prison Camp in Duluth, Minnesota, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he has been denied necessary medical care in violation of the Eighth Amendment. Taylor alleges that he has received inadequate care for two different conditions: (1) testicular and stomach pain, and (2) keratoconus, an eye condition that is causing him to lose vision in both eyes. Taylor asks this Court to order the prison to provide a variety of diagnostic services and treatments.

        On August 19, 2010, Magistrate Judge Jeanne J. Graham dismissed Taylor's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Docket No. 3. Judge Graham found that a prisoner such as Taylor who challenges the constitutionality of the conditions of his confinement — as opposed to the fact or duration of his confinement — must bring his challenge in a regular civil-rights action, rather than in a habeas petition. Judge Graham granted Taylor leave to file a civil complaint. That complaint was to be filed by September 17, 2010, and was to be accompanied by the appropriate filing fee.

        Taylor did not file a complaint. Instead, he has objected to Judge Graham's dismissal of his habeas petition. Docket No. 4. In his objection, Taylor primarily argues that Judge Graham

erred in finding that he could not challenge the conditions of his confinement in a habeas action. The portion of Judge Graham's order that purports to dismiss Taylor's habeas petition without prejudice will be treated as a Report and Recommendation and reviewed de novo, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

The Supreme Court has made clear that when a prisoner seeks to challenge the fact or duration of his confinement, his claim must be brought in a habeas petition, and not in a civil-rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (collecting and summarizing case law). The Supreme Court has reasoned that, because "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), challenges to the fact or duration of confinement fall "within the core of habeas corpus," *id.* at 487. Congress has passed legislation that specifically covers such core habeas claims, and allowing prisoners to elide those habeas statutes by litigating core habeas claims as civil-rights actions would defeat congressional intent. *Id*. at 489-90.

The Supreme Court has also held that when a prisoner brings a claim that does not challenge the fact or duration of his confinement — that is, when a prisoner does not ask to be released or to have his sentence reduced — then the prisoner is not bringing a core habeas claim, and he may litigate his claim as a civil-rights action. *Dotson*, 544 U.S. at 82. Without question, then, Taylor could challenge the adequacy of his medical care in a traditional civil-rights action.

Critically for this case, however, the Supreme Court has not addressed whether a prisoner in Taylor's position — that is, a prisoner who challenges only the conditions of his confinement — *must* litigate his claim as a civil-rights action. In other words, the Supreme Court has not

decided whether a prisoner may challenge the conditions of his confinement in *either* a habeas petition *or* a civil-rights action. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."); *see also Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. But we need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983." (internal citation and footnote omitted)).

In the absence of Supreme Court guidance, the Eighth Circuit has sent mixed signals on this question. Taylor relies primarily on *Willis v. Ciccone*, in which a federal prisoner alleged that he had been placed in punitive isolation based on a false disciplinary report and without procedural due process. 506 F.2d 1011, 1013 (8th Cir. 1974). The Eighth Circuit acknowledged that it, along with several other circuits, had in the past viewed habeas as "an inappropriate method for challenging prison conditions." *Id*. at 1014; *see also Williams v. Steele*, 194 F.2d 32, 34 (8th Cir. 1952) (holding that habeas corpus functions only "to deliver from prison those who are illegally detained" and that it is not available to prisoners challenging prison disciplinary measures on constitutional grounds). But *Willis* departed from this established rule and held that, under certain circumstances, a prisoner could use a habeas petition to challenge the conditions of his confinement. *Willis*, 506 F.2d at 1014-15.

The main reason given by the *Willis* court for its decision was what it perceived as an unfair disparity between the rights of state prisoners and the rights of federal prisoners. The

*Willis* court explained that state prisoners could challenge the conditions of their confinement by suing under 42 U.S.C. § 1983. But federal prisoners could not sue under § 1983 (because federal officials do not act under color of state law) and thus had no means to challenge the conditions of their confinement. Therefore, the *Willis* court concluded, "[t]he only recourse for . . . challeng[ing] unconstitutional conditions in their confinement was the extraordinary remedy of habeas corpus." *Id*. at 1014. Consequently, the *Willis* court held that "habeas corpus is a proper vehicle for any prisoner, state or federal, to challenge unconstitutional actions of prison officials." *Id*. at 1014. Even so, *Willis* limited the availability of habeas to "claims involving the deprivation of substantial rights." *Id*. at 1015; *see also Albers v. Ralston*, 665 F.2d 812, 815 (8th Cir. 1981) (citing *Willis*).

*Willis* was decided in 1974. Three years earlier, the Supreme Court had held in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* that a victim of an unconstitutional search could bring a civil action against the responsible federal officials. 403 U.S. 388 (1971). Subsequent cases expanded *Bivens* until it essentially became "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). Today, a prisoner in federal custody may challenge the constitutionality of the conditions of his confinement under *Bivens* to the same extent that a prisoner in state custody may challenge the constitutionality of the conditions of his confinement under § 1983. *See Farmer v. Brennan*, 511 U.S. 825 (1994). In short, the lynchpin of *Willis* — the supposed disparity between the rights of state prisoners and the rights of federal prisoners — no longer exists. It is no longer true that federal prisoners would be unable to challenge the conditions of their confinement if they were barred from doing so in habeas actions.

Perhaps recognizing that fact, the Eighth Circuit seems to have retreated from *Willis*. As noted, *Willis* had suggested that both federal and state prisoners could file a habeas action to challenge a "deprivation of substantial rights." But the Eighth Circuit later held in *Kruger v. Erickson* — a case involving a state prisoner — that "[w]here [a] petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." 77 F.3d 1071, 1073 (8th Cir. 1996); *see also Pettersen v. Clarke*, 82 F.3d 421 (8th Cir. 1996) (table opinion) (citing *Kruger* in affirming the district court's dismissal of a habeas petition that challenged conditions of confinement). Neither *Kruger* not its progeny made any reference to *Willis*.

The inconsistency between *Kruger* and *Willis* has been noted by many district courts. *See, e.g.*, *Shinault v. Roal*, Case No. 10-CV-3575 (MJD/FLN), 2010 WL 3926874, at *1 (D. Minn. Oct. 1, 2010) ("*Willis* is directly at odds with . . . *Kruger* . . . ."). Taylor tries to distinguish *Kruger* on the grounds that Kruger was in state custody, while Taylor is in federal custody (as was the petitioner in *Willis*). But nothing in either *Kruger* or *Willis* provides a basis for treating federal prisoners differently from state prisoners. Indeed, under the rationale of *Willis*, neither federal prisoners nor state prisoners should be able to challenge the conditions of confinement in a habeas action, because both federal prisoners and state prisoners can challenge the conditions of confinement in civil-rights actions — federal prisoners by bringing a *Bivens* action, and state prisoners by suing under § 1983. Taylor has not suggested, and the Court cannot discern, why a federal prisoner should be able to challenge conditions of his confinement in a habeas action, when a state prisoner cannot (under *Kruger*).

The majority of federal circuits to have addressed the issue hold that a prisoner challenging the constitutionality of the conditions of his confinement must do so in a traditional civil-rights action. *See Stanko v. Quay*, 356 Fed. App'x. 208 (10th Cir. 2009) (§ 2241 petition challenging calculation of security designation was a conditions-of-confinement claim that must be brought as *Bivens* action because favorable resolution of claim would not result in release from prison); *Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005) (court lacked jurisdiction to consider § 2241 petition alleging deliberate indifference to medical needs, in violation of Eighth Amendment, because release from prison is not proper remedy for such claims; prisoner had to seek relief through *Bivens* action or other traditional civil action); *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) (where a successful challenge would not lead to a shortened term of imprisonment, prisoner may not bring claim under habeas and must instead bring it as a traditional civil action);[1] *cf. Muhammad v. Williams-Hubble*, 380 Fed. App'x. 925 (11th Cir. 2010) (construing § 2241 petition as *Bivens* action where it alleged deprivation of constitutional rights by prison officials and did not challenge the fact or duration of confinement); *but see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("[T]o the extent Thompson was seeking injunctive relief from federally imposed conditions of confinement . . ., we understand neither why the district court believed that the claim should have been styled a civil rights

---

[1]The Ninth Circuit has held that where a claim seeking equitable relief with respect to parole procedures, if successful, "could potentially" affect the duration of a prisoner's confinement, the prisoner may proceed under habeas even if relief also may be available through a civil-rights action. *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). But *Docken* turned on the potential that a successful claim would accelerate the prisoner's release. *Id*. Where the relationship between a successful claim and a shortened term of imprisonment is "too speculative" or (as in this case) nonexistent, prisoners in the Ninth Circuit may not proceed under habeas and instead must seek relief through a traditional civil action. *Lettier v. Ayers*, 299 Fed. App'x. 717, 718 (9th Cir. 2008) (citing *Ramirez* and *Docken*).

complaint rather than a petition under § 2241 for a writ of habeas corpus, nor what sort of civil rights claim the court envisioned. This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as the administration of parole, prison disciplinary actions, prison transfers, type of detention and prison conditions." (internal quotation and elipsis omitted)); *Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009) (permitting prisoner seeking order that parole-determination hearing be conducted in person and not by video to proceed under § 2241 petition).

Like the majority of circuits, the majority of the judges of this District seem to agree that a prisoner in Taylor's position cannot challenge the conditions of his confinement in a habeas action. Since the beginning of 2010, the question of whether a prisoner may seek habeas relief for claims that do not attack the fact or duration of confinement has been raised in at least 11 other cases filed in this District.[2] To date, final judgment has been entered in six of those cases, and in all six cases the habeas petition has been dismissed on the basis of *Kruger*.[3] A seventh case adopted the magistrate judge's application of *Kruger* and extended the period of time for the

---

[2]*See Dyson v. Roal*, No. 10-CV-3598 (JNE/JJK) (filed Aug. 18, 2010); *Shinault v. Roal*, No. 10-CV-3575 (MJD/FLN) (filed Aug. 18, 2010); *Barber v. Schmidt*, No. 10-CV-3317 (JRT/SRN) (filed Aug. 4, 2010); *Down v. Roal*, No. 10-CV-3316 (RHK/JJK) (filed Aug. 4, 2010); *Gomez v. Fisher*, No. 10-CV-3314 (PAM/JSM) (filed Aug. 4, 2010); *Everett v. Fisher*, No. 10-CV-2771 (MJD/JJG) (filed June 30, 2010); *Xiong v. Fisher*, No. 10-CV-2557 (JRT/JJK) (filed June 22, 2010); *Guca v. Fisher*, No. 10-CV-2034 (ADM/JJG) (filed May 12, 2010); *Moses v. Fisher*, No. 10-CV-1017 (JRT/FLN) (filed March 30, 2010); *White v. Jett*, No. 10-CV-0763 (JRT/JSM) (filed March 12, 2010); *Disantis v. Fisher*, No. 10-CV-0329 (DWF/JJG) (filed Feb. 25, 2010).

[3]*See Everett*, No. 10-CV-2771 (MJD/JJG) (D. Minn. Oct. 25, 2010); *Shinault*, No. 10-CV-3575 (MJD/FLN), 2010 WL 3926874 (D. Minn. Oct. 1, 2010); *Dyson*, No. 10-CV-3598 (JNE/JJK) (D. Minn. Sept. 3, 2010)*; Guca*, No. 10-CV-2034 (ADM/JJG) (D. Minn. July 26, 2010); *Disantis*, No. 10-CV-0329 (DWF/JJG) (D. Minn. Aug. 18, 2010); *White*, No. 10-CV-0763 (JRT/JSM), 2010 WL 1753186 (D. Minn. April 29, 2010).

prisoner to re-file as a civil action. *Down*, No. 10-CV-3316 (RHK/JJK) (D. Minn. Oct. 22, 2010). And an eighth case dismissed the petition on the grounds that the petitioner had not satisfied *Willis*'s "deprivation of a substantial right" requirement; however, the petitioner in that case filed a notice of appeal before final judgment was entered. *Gomez*, No. 10-CV-3314 (PAM/JSM) (D. Minn. Sept. 1, 2010).

This Court agrees with the majority view that a prisoner who challenges the constitutionality of the conditions of his confinement — and who does not challenge the fact or duration of that confinement — must bring his challenge through a traditional civil-rights action (such as a *Bivens* action or a § 1983 action) and not through a habeas petition. This was the rule in the Eighth Circuit before *Willis* and appears to be the rule in the Eighth Circuit now, perhaps reflecting the fact that *Willis*'s rationale has been completely undermined by the Supreme Court's subsequent expansion of *Bivens* actions.

The Court notes an additional reason for embracing the *Kruger* rule — one that did not exist at the time of *Kruger*. That reason is well illustrated by this case. Again, Taylor has sued because he says that every day he suffers extreme pain and is losing his eyesight on account of inadequate medical care. And yet, rather than quickly filing the civil-rights action that Judge Graham gave him leave to file, Taylor has instead chosen to prolong these proceedings (and, necessarily, to postpone any relief that he might receive) by fighting about whether he can bring his claim in a habeas petition or must instead bring it in a civil-rights action. Why would Taylor endure more pain and put his eyesight at risk over such a procedural dispute? Because Taylor — like many other prisoners who are challenging the conditions of their confinement — wants to

elide the restrictions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 101 Stat. 1321-66 (1996).[4]

The PLRA applies to prisoners bringing traditional civil-rights actions, but not to those filing habeas petitions. *E.g. Skinner v. Wiley*, 355 F.3d 1293, 1294-95 (11th Cir. 2004). In this case, for instance, allowing Taylor to proceed in habeas would permit him to avoid the fee-payment provisions of 28 U.S.C. § 1915(b), the three-strikes rule of 28 U.S.C. § 1915(g), and the preliminary-screening requirements of 28 U.S.C. § 1915A. Thus, giving prisoner litigants like Taylor the option of challenging the conditions of their confinement in habeas actions would open a huge loophole in the PLRA and substantially reduce the effectiveness of the Act in reducing frivolous prisoner suits.

In *Preiser*, the fact that Congress had passed legislation that specifically covered core habeas claims led the Supreme Court to conclude that such claims could not be filed as civil-rights actions, lest Congress's purpose be frustrated. 411 U.S. at 489. Here, Congress has passed legislation (the PLRA) that specifically covers claims that are *not* core habeas claims, such as claims challenging the conditions of confinement. Allowing Taylor and other prisoner litigants to bring such claims in habeas actions would as much frustrate Congress's purpose as permitting core habeas claims to be brought in civil-rights actions. Because Taylor's claims do not challenge the fact or duration of his confinement, they may not be brought in a habeas petition, and his petition for a writ of habeas corpus must be dismissed.

---

[4]Despite its name, the PLRA was enacted in 1996, nearly two months after the Eighth Circuit decided *Kruger*. Pub. L. No. 104-134, 101 Stat. 1321-66 (1996).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of petitioner Sylvester Taylor [Docket No. 4] and ADOPTS Judge Graham's Report and Recommendation [Docket No. 3]. Accordingly, IT IS HEREBY ORDERED THAT Taylor's petition for a writ of habeas corpus [Docket No. 1] is DISMISSED WITHOUT PREJUDICE, and his application to proceed in forma pauperis [Docket No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 5, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge